UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN ADMIRALTY

ROBERT DEXTER WEIR, *et al.,*

                    Plaintiffs,

v.

UNITED STATES OF AMERICA, *et al.,*

                    Defendants.

No. 19-cv-01708 (TFH)

**RESPONSE TO NOTICE OF FILING**

Plaintiffs submit this response to the government's filing notifying the Court of the decision of the district court in the Southern District of Florida in *Weir v. United States*, denying the Petition for Issuance of Writs of Error Coram Nobis Vacating Convictions. *See* Notice of Filing, Dkt. No. 19.[1]

As Plaintiffs have emphasized, this action does *not* challenge the validity of their convictions, but rather the egregious manner in which the Coast Guard treated them on board its vessels and the prolonged length of time the Coast Guard held them before bringing them to the United States for prosecution. Opp. to Mot. to Dismiss 17, Dkt. No. 16. Since Plaintiffs have assumed (for the purpose of this action) that their initial stop and detention were lawful, the Southern District of Florida's dismissal of the coram nobis petition thus provides no support for the government here. *See id.* at 8 n.1.

---

[1] This decision dismissed the coram nobis petitions of Plaintiffs Weir, Williams, and Patterson. The district court subsequently dismissed the 28 U.S.C. 2255 petition of Plaintiff Ferguson for substantially the same reasons. *See Ferguson v. United States*, No. 19-cv-22901 (S.D. Fla. Feb. 3, 2020), Dkt. No. 20.

To the contrary, the Southern District of Florida decision directly undermines the government's argument in support of its pending motion to dismiss on political question grounds. Specifically, the government repeatedly argued to this Court that Plaintiffs remained "under Jamaica's jurisdiction" from September 14 until October 9, 2017, when Jamaica consented to the United States' prosecuting Plaintiffs. Mot. to Dismiss 16, 22, Dkt No. 12; Reply 1–2, 6–7, Dkt. No. 18. But as the government argued to the Southern District of Florida, and as the Southern District of Florida has now ruled, the United States obtained jurisdiction of plaintiffs and their vessel (the *Jossette*) on September 14, when Jamaica provided its consent for the United States to board and search the *Jossette*. *See Weir v. United States*, No. 19-cv-23420, at 12–13 (S.D. Fla. Jan. 30, 2020), Dkt. No. 17; *id*. at 16. Specifically, the Southern District of Florida held that, as of September 14—the date Plaintiffs made their false statement onboard the *Jossette* and were taken into Coast Guard custody—"the United States validly exercised jurisdiction [over them]" based on Jamaica's consent. *Id*. at 16.

Dated:  February 06, 2020                                   Respectfully submitted,

 /s/ *Jonathan Hafetz*
Jonathan Hafetz (D.C. Bar No. NY0251)
Dror Ladin (D.C. Bar No. NY0277)
Steven M. Watt*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY, 10004
(212) 549-2500
jhafetz@aclu.org

Joshua S. Sohn*
Patrick N. Petrocelli*
Sarah M. Roe*
Stroock & Stroock & Lavan LLP

180 Maiden Lane
New York, NY 10038
(212) 806-6006
jsohn@stroock.com

Cecillia D. Wang (D.C. Bar No. CA00042)
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0775
cwang@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
of the District of Columbia
915 15th Street, NW – 2nd floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

*Admitted pro hac vice*

*Attorneys for Plaintiffs*