IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DEXTER WEIR *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA *et al.*, <br><br> *Defendants*. | No. 19-cv-1708 (TFH) |

## SUPPLEMENTAL MEMORANDUM

Plaintiffs respectfully submit this Supplemental Memorandum to provide additional information regarding a question posed by the Court to Plaintiffs' counsel at the hearing held on October 20, 2020.

During the hearing, the Court asked Plaintiffs' counsel what occurred on remand in *Tobar v. United States*, 731 F.3d 938 (9th Cir. 2013), and *Coumou v. United States*, 107 F.3d 290 (5th Cir. 1997), *modified by* 114 F.3d 64 (5th Cir. 1997), and whether the political question doctrine was raised at any point in those actions. Counsel responded that he did not believe that the political question doctrine was ever raised, but was not certain as to the outcome on remand. Counsel now confirms that the political question doctrine was never raised in either case and that the cases were resolved as follows.

In *Tobar*, the Ninth Circuit remanded for the district court to consider whether the suit was barred by the discretionary function exception. *Tobar*, 731 F.3d at 946–49. On remand, Plaintiffs had to demonstrate that the vessel sustained damages when it was towed to Ecuador and that neither the vessel nor the crew was involved in illicit actions in order to trigger the Coast Guard's non-discretionary duty to pay damages for the vessel's destruction pursuant to the terms

of the Coast Guard's 2005 agreement with Ecuador. *Id.*; *Tobar v. United States*, Case No. 07cv817-WQH-JLB, 2016 WL 1367224, at *3–4. (S.D. Cal. Apr. 5, 2016). Following a bench trial, the district court concluded that the plaintiffs failed to establish that the vessel sustained damages while in the custody of the Coast Guard and failed to establish that the vessel and its crew were not involved in illicit actions, and dismissed the action. *Id.* at *10–11. The Ninth Circuit affirmed. *Tobar v. United States*, 698 Fed. Appx. 523, 524 (9th Cir. 2017) (affirming the district court's findings as to illicit actions and not reaching the district court's alternative finding of no damages).

In *Coumou*, the Fifth Circuit remanded to the district court to consider whether the government breached its duty of reasonable care under general maritime law by failing to convey potentially exculpatory information to Haitian authorities when it transferred plaintiff to its custody for prosecution. *Coumou*, 114 F.3d at 65. On remand, the district court provided the parties the opportunity to submit additional evidence regarding the Coast Guard's alleged negligence. *Coumou v. United States*, No. CIV. A. 93-1465, 1997 WL 391276, at *1 (E.D. La. July 8, 1997). Following receipt of additional submissions by the parties, the district court concluded that the Coast Guard had acted negligently in breaching its duty to inform Haitian officials of plaintiff's cooperation in the Coast Guard's counter-narcotics operation and that this negligence caused plaintiff to suffer damages. *Coumou v. United States*, No. CIV. A. 93-1465, 1997 WL 644091, at *9 (E.D. La. Oct. 17, 1997). The district court entered judgment in plaintiff's favor and damages were awarded. *Id.* at *10.

| | |
|---|---|
| Date: October 23, 2020 | Respectfully submitted, |
| | /s/ *Jonathan Hafetz* |

Joshua S. Sohn*
Patrick N. Petrocelli*
Sarah M. Roe*
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212.806.6006

Arthur Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the District
    of Columbia
915 15th Street, NW
Washington, DC 20005
202.601.4266
aspitzer@acludc.org

Jonathan Hafetz (D.C. Bar No. NY0251)
One Newark Center
Newark, NJ 07120
jonathan.hafetz@shu.edu
917.355.6896

Dror Ladin (D.C. Bar No. NY0277)
Steven Watt*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
212.549.2500
dladin@aclu.org

Cecillia D. Wang (D.C. Bar No. CA00042)
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
415.343.0775
cwang@aclu.org

*Admitted pro hac vice*

*Attorneys for Plaintiffs*