UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ROBERT DEXTER WEIR et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civil Action No. 19-1708 (TFH)

ANSWER

Defendants United States of America and Admiral Karl L. Schultz, Commandant, U.S.

Coast Guard, in his official capacity, hereby answer Plaintiffs' Complaint.

1.      Admit that, in international waters of the Caribbean Sea, the U.S. Coast Guard

Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of

Approach with the go-fast vessel ("GFV") *Josette*; upon communication with the flag state,

Jamaica, *Josette* was boarded; Plaintiffs subsequently were detained aboard CONFIDENCE, at

which time they received sanitary Tyvek coveralls for wear during detention; the unmanned

*Josette* was sunk as a hazard to navigation; Plaintiffs were safely detained in a manner that

allowed for certain movement about the deck; during the pendency of the decision by the

Government of Jamaica to waive primary jurisdiction under the Bilateral Agreement, which the

Court has addressed, ECF 24 at 20-21, Plaintiffs were aboard Coast Guard Cutters

CONFIDENCE, VENTUROUS, and FORWARD, with unrelated operational calls at U.S. Naval

Station Guantanamo Bay, and Puerto Rico; upon the Government of Jamaica's decision to waive

primary jurisdiction, they were transported to Miami aboard the Cutter CYPRESS.  The

remaining allegations of Paragraph 1 constitute Plaintiffs' characterizations of their case, and are

denied.

2.　　　Admit that, on September 14, 2017, in international waters, the U.S. Coast Guard Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of Approach with the go-fast vessel ("GFV") *Josette*, then motoring at high speed toward Haiti; upon communication with the flag state, Jamaica, *Josette* was boarded; Plaintiffs subsequently were detained; the unmanned *Josette* was sunk as a hazard to navigation; Plaintiffs were safely detained in a manner that allowed for certain movement about the deck; during the pendency of the decision by the Government of Jamaica to waive primary jurisdiction under the Bilateral Agreement, which the Court has addressed, ECF 24 at 20-21, Plaintiffs were aboard Coast Guard Cutters CONFIDENCE, VENTUROUS, and FORWARD, with unrelated operational calls at U.S. Naval Station Guantanamo Bay, and Puerto Rico; upon the Government of Jamaica's decision to waive primary jurisdiction, they were transported to Miami aboard the Cutter CYPRESS.  The remaining allegations of Paragraph 2 constitute Plaintiffs' characterizations of their case, and are denied.

3.　　　Denied.

4.　　　Admit only that Plaintiffs received onboard healthcare services from U.S. Coast Guard Health Services Technicians.  Deny that Plaintiffs were deprived of medical treatment for injuries they allege to have sustained onboard; or were rarely permitted to wash salt or grime from their skin.  The remaining allegations of Paragraph 4 are denied for lack of knowledge and information.

5.　　　The allegations of Paragraph 5 were dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.  To the extent a response is required, denied.

6.　　　Admit that Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  The remaining allegations of Paragraph 6 constitute Plaintiffs' characterizations of their case, and are denied for lack of knowledge and information.

7.      Admit that the Coast Guard transported Plaintiffs to Miami upon receiving the Government of Jamaica's decision to waive primary jurisdiction; that ion scans revealed traces of cocaine and methamphetamine only, not marijuana; and that approximately 613 pounds of marijuana were found floating in *Josette*'s wake only, not on board.  Deny that the detention was secret.  Plaintiffs' criminal charges and felony plea agreement to violation of 18 U.S.C. § 2237(a)(2)(B) can be found at the criminal docket, S.D. Florida, No. 17-cr-20877, which speaks for itself.  The remaining allegations of Paragraph 7 are denied.

8.      Admit that Plaintiffs provided Coast Guard boarding officers with false information about their destination; Plaintiffs served their criminal sentences; and Plaintiffs were removed from the United States to Jamaica.  Plaintiffs' criminal charges and felony plea agreement to violation of 18 U.S.C. § 2237(a)(2)(B) can be found at the criminal docket, S.D. Florida, No. 17-cr-20877, which speaks for itself.  The remaining allegations of Paragraph 8 are denied for lack of knowledge and information.

9.      Admit that following Plaintiffs' being detained aboard CONFIDENCE, the unmanned *Josette* was sunk as a hazard to navigation.  The remaining allegations of Paragraph 9 constitute Plaintiffs' characterizations of the case, and are denied for lack of knowledge and information.

10.     Denied for lack of knowledge and information.

11.     Denied for lack of knowledge and information.

12.     Denied.

13.     The allegations in Paragraph 13 are legal conclusions and characterizations of Plaintiffs' case for which no response is required.  To the extent a response is required, denied.

14.     The allegations in Paragraph 14 are legal conclusions for which no response is required.  To the extent a response is required, denied.

15.     The allegations in Paragraph 15 are legal conclusions for which no response is required.  To the extent a response is required, denied.

16.     The allegations in Paragraph 16 are legal conclusions for which no response is required.  To the extent a response is required, denied.

17.     Admit that the U.S. Coast Guard Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of Approach with the go-fast vessel ("GFV") *Josette*; upon communication with the flag state, Jamaica, *Josette* was boarded; Plaintiff Weir subsequently was detained aboard CONFIDENCE; the unmanned *Josette* was sunk as a hazard to navigation; upon the Government of Jamaica's decision to waive primary jurisdiction, Plaintiff Weir was transported to Miami aboard the Cutter CYPRESS; Plaintiff Weir was convicted of providing false information to a federal law enforcement official during a boarding of a vessel under 18 U.S.C. § 2237(a)(2)(B), and was sentenced to ten months in prison.  Deny that Plaintiff Weir was secretly detained or abused aboard any Coast Guard Cutter.  The remaining allegations of Paragraph 17 are denied for lack of knowledge and information.

18.     Admit that the U.S. Coast Guard Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of Approach with the go-fast vessel ("GFV") *Josette*; upon communication with the flag state, Jamaica, *Josette* was boarded; Plaintiff Ferguson subsequently was detained aboard CONFIDENCE; the unmanned *Josette* was sunk as a hazard to navigation; upon the Government of Jamaica's decision to waive primary jurisdiction, Plaintiff Ferguson was transported to Miami aboard the Cutter CYPRESS; Plaintiff Ferguson was convicted of providing false information to a federal law enforcement official during a boarding of a vessel under 18 U.S.C. § 2237(a)(2)(B), and was sentenced to ten months in prison.  Deny that Plaintiff Ferguson was secretly detained or abused aboard any Coast Guard Cutter.  The remaining allegations of Paragraph 18 are denied for lack of knowledge and

information.

19.     Admit that the U.S. Coast Guard Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of Approach with the go-fast vessel ("GFV") *Josette*; upon communication with the flag state, Jamaica, *Josette* was boarded; Plaintiff Patterson subsequently was detained aboard CONFIDENCE; the unmanned *Josette* was sunk as a hazard to navigation; upon the Government of Jamaica's decision to waive primary jurisdiction, Plaintiff Patterson was transported to Miami aboard the Cutter CYPRESS; Plaintiff Patterson was convicted of providing false information to a federal law enforcement official during a boarding of a vessel under 18 U.S.C. § 2237(a)(2)(B), and was sentenced to ten months in prison.  Deny that Plaintiff Patterson was secretly detained or abused aboard any Coast Guard Cutter.  The remaining allegations of Paragraph 19 are denied for lack of knowledge and information.

20.     Admit that the U.S. Coast Guard Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of Approach with the go-fast vessel ("GFV") *Josette*; upon communication with the flag state, Jamaica, *Josette* was boarded; Plaintiff Williams subsequently was detained aboard CONFIDENCE; the unmanned *Josette* was sunk as a hazard to navigation; upon the Government of Jamaica's decision to waive primary jurisdiction, Plaintiff Williams was transported to Miami aboard the Cutter CYPRESS; Plaintiff Williams was convicted of providing false information to a federal law enforcement official during a boarding of a vessel under 18 U.S.C. § 2237(a)(2)(B), and was sentenced to ten months in prison.  Deny that Plaintiff Williams was secretly detained or abused aboard any Coast Guard Cutter.  The remaining allegations of Paragraph 20 are denied for lack of knowledge and information.

21.     The allegations in Paragraph 21 are legal conclusions for which no response is

5

required.  To the extent a response is required, denied.

22.     Admit that Admiral Schultz is the current Commandant of the United States Coast
Guard.  The remaining allegations in Paragraph 22 are legal conclusions for which no response is
required.  To the extent a response is required, denied.

23.     Denied for lack of knowledge and information.

24.     Denied for lack of knowledge and information.

25.     Denied for lack of knowledge and information.

26.     Admit that a fighting cock was aboard *Josette*.  The remaining allegations of
Paragraph 26 are denied for lack of knowledge and information.

27.     Denied for lack of knowledge and information.

28.     Denied for lack of knowledge and information.

29.     Admit that, on September 14, 2017, in international waters, the U.S. Coast Guard
Cutter CONFIDENCE launched an over-the-horizon ("OTH") small boat exercising Right of
Approach with the go-fast vessel ("GFV") *Josette*, then motoring at high speed toward Haiti;
upon communication with the flag state, Jamaica, *Josette* was boarded and searched.  The
remaining allegations of Paragraph 29 are denied.

30.     Admit that at approximately 11:45 a.m. on September 14, 2017, the go-fast vessel
("GFV") *Josette* stopped engines following pursuit by a Coast Guard over-the-horizon ("OTH")
small boat.  The remaining allegations of Paragraph 30 are denied.

31.     Denied for lack of knowledge and information.

32.     Denied for lack of knowledge and information.

33.     Admitted.

34.     Admitted.

35.     Admit that the go-fast vessel ("GFV") *Josette* was searched pursuant to a bilateral

agreement with Jamaica, the flag state.  The remaining allegations of Paragraph 35 are denied for lack of knowledge and information.

36.     Admit that Coast Guard officers remained on board the go-fast vessel ("GFV") *Josette*, conducting at-sea space accountability for several hours, while CONFIDENCE closed the distance made by the high-speed pursuit.  The remaining allegations of Paragraph 36 are denied for lack of knowledge and information.

37.     Admit that ion scans revealed traces of cocaine and methamphetamine only, not marijuana; approximately 613 pounds of marijuana were found floating in *Josette*'s wake only, not on board.  The remaining allegations of Paragraph 37 are denied for lack of knowledge and information.

38.     Deny a lack of evidence.  The remaining allegations of Paragraph 38 are denied for lack of knowledge and information.

39.     Admit that Plaintiffs were taken into detention from the go-fast vessel ("GFV") *Josette* pursuant to agreement with the flag state, Jamaica; thereafter, prior to sinking the unmanned *Josette* as a hazard to navigation, Coast Guard personnel humanely euthanized livestock.  The remaining allegations of Paragraph 39 are denied for lack of knowledge and information.

40.     Admit that Plaintiffs were asked their names and nationalities; and each received sanitary Tyvek coveralls and slippers to wear during their detention.  The remaining allegations of Paragraph 40 are denied.

41.     Admitted.

42.     Admit that onboard CONFIDENCE, Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  The remaining allegations of Paragraph 42 are denied for lack of knowledge and information.

43.     Admit that onboard CONFIDENCE, Plaintiffs were safely detained in a manner that allowed for certain movement about the deck; subsequently, the unmanned *Josette* was sunk as a hazard to navigation.  The remaining allegations of Paragraph 43 are denied for lack of knowledge and information.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Admit only that Plaintiffs were provided sleeping materials.  Plaintiffs' characterization of the sleeping materials is denied.

49.     Denied.

50.     The first sentence of Paragraph 50 is denied.  The remaining allegations of Paragraph 50 are denied for lack of knowledge and information.

51.     Denied for lack of knowledge and information; further denied because the allegations of Paragraph 51 were dismissed by the Court, ECF 23, 24.

52.     Admit that Plaintiffs were transferred from Coast Guard Cutter CONFIDENCE to Coast Guard Cutter VENTUROUS.  The specific date is denied.  The remaining allegations of Paragraph 52 are denied for lack of knowledge and information.

53.     Deny that Plaintiffs were subjected to inhumane conditions and incommunicado detention.  The remaining allegations of Paragraph 53 are denied for lack of knowledge and information.

54.     Admit that on Coast Guard Cutter VENTUROUS, Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  Deny that Plaintiffs were detained at the ship's bow.  The remaining allegations of Paragraph 54 are denied for lack of

knowledge and information.

55.     Denied for lack of knowledge and information.

56.     Denied for lack of knowledge and information; further denied because the allegations of Paragraph 56 were dismissed by the Court, ECF 23, 24.

57.     Admit that Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  The remaining allegations of Paragraph 57 are denied.

58.     Admit that Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  The remaining allegations of Paragraph 58 constitute Plaintiffs' characterizations of their case, and are denied.

59.     Denied for lack of knowledge and information.

60.     Denied for lack of knowledge and information.

61.     Denied for lack of knowledge and information.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Admit that the VENTUROUS arrived near Puerto Rico on October 3, 2017.  The remaining allegations of Paragraph 66 are denied.

67.     Denied.

68.     Denied for lack of knowledge and information; further denied because the allegations of Paragraph 68 were dismissed by the Court, ECF 23, 24.

69.     Deny Plaintiffs' characterization of the conditions of detention.  The allegation about lack of communication with persons in Jamaica was dismissed by the Court, ECF 23, 24; to the extent an answer is required, denied.  The remaining allegations of Paragraph 69 are

denied for lack of knowledge and information.

70.     Admit that on October 5, 2017, Plaintiffs were transferred from Coast Guard Cutter VENTUROUS to Coast Guard Cutter FORWARD.  The remaining allegations of Paragraph 70 are denied for lack of knowledge and information.

71.     Admit that Plaintiffs were detained on board Coast Guard Cutter FORWARD from October 5 – 13, 2017.  The remaining allegations of Paragraph 71 are denied for lack of knowledge and information.

72.     Admit that Plaintiffs were safely detained in a manner that allowed for certain movement about the deck.  Plaintiffs' characterization and impressions of conditions are denied for lack of knowledge or information.

73.     Admit that onboard Coast Guard Cutter FORWARD, Plaintiffs were detained within the vessel's helicopter hangar bay.  The remaining allegations of Paragraph 73 are denied for lack of knowledge and information.

74.     Denied for lack of knowledge and information.

75.     Plaintiffs' characterization and impressions of conditions are denied for lack of knowledge or information.

76.     Admit that health services were provided.  The remaining allegations of Paragraph 76 are denied for lack of knowledge and information.

77.     Denied for lack of knowledge and information; further denied because the Court dismissed certain allegations in this paragraph, ECF 23, 24.

78.     Admit that Plaintiffs were transferred from Coast Guard Cutter FORWARD to Coast Guard Cutter CYPRESS on October 13, 2017.  The remaining allegations of Paragraph 78 are denied for lack of knowledge and information; further denied because the Court dismissed certain allegations in this paragraph, ECF 23, 24.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Plaintiffs' characterization of what they smelled is denied for lack of knowledge or information.  The remaining allegations of Paragraph 83 are denied.

84.     Denied.

85.     Admit that the Plaintiffs were received by federal agents in Miami on October 16, 2017.  The remaining allegations of Paragraph 85 are denied for lack of knowledge or information.

86.     Denied.

87.     Denied for lack of knowledge and information; further denied because the Court dismissed certain allegations in this paragraph, ECF 23, 24.

88.     Denied for lack of knowledge and information; further denied because the Court dismissed certain allegations in this paragraph, ECF 23, 24.

89.     Admitted.

90.     Admit that, according to the criminal docket, 17-cr-20877, S.D. Florida, Plaintiffs pled guilty on January 3, 2018 (Weir, Ferguson, Williams), and January 8, 2018 (Patterson), to violating 18 U.S.C. § 2237(a)(2)(B).  The criminal docket and plea agreements speak for themselves.

91.     Denied.

92.     The criminal docket, 17-cr-20877, S.D. Florida, and hearing transcript speak for themselves.  Admit that these quoted words are in the transcript and can be read in context there. The remaining allegations of Paragraph 92 are denied, including the characterization of the

11

statement.

93.     Admit that Plaintiffs served their sentences and were removed to Jamaica on

August 30, 2018, after removal proceedings consistent with the Immigration and Nationality Act.

The remaining allegations of Paragraph 93 are denied.

94.     Denied for lack of knowledge and information.

95.     Denied for lack of knowledge and information.

96.     Denied for lack of knowledge and information.

97.     Denied for lack of knowledge and information.

98.     Denied for lack of knowledge and information.

99.     Denied for lack of knowledge and information.

100.    Denied.

101.    Denied.

102.    Admit that the Coast Guard continues to conduct its statutory maritime law

enforcement mission to suppress illicit maritime drug trafficking in coordination with

international partners.  The remaining allegations of Paragraph 102 are denied.

103.    Denied.

104.    Denied for lack of knowledge and information.

105.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

106.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

107.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

108.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

109.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

110.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

111.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

112.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

113.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

114.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

115.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

116.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

117.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

118.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

119.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

120.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

121.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

122.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

123.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

124.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

125.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

126.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

127.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

128.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

129.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

130.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

131.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

132.    The allegations in this paragraph are legal conclusions for which no response is

required.  To the extent a response is required, denied.

133.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

134.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

135.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

136.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

137.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

138.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

139.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

140.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

141.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

142.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

143.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

144.    Count Eight was dismissed by Order dated January 15, 2021 (ECF 23, 24), and

therefore no response is required.

145.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

146.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

147.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

148.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

149.    The allegations in this paragraph are legal conclusions for which no response is required.  To the extent a response is required, denied.

150.    Count Ten was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

151.    Count Ten was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

152.    Count Ten was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

153.    Count Ten was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

154.    Count Ten was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

155.    Count Eleven was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

156.    Count Eleven was dismissed by Order dated January 15, 2021 (ECF 23, 24), and

therefore no response is required.

157.    Count Eleven was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

156.    Count Eleven was dismissed by Order dated January 15, 2021 (ECF 23, 24), and therefore no response is required.

Prayer for Relief:  Plaintiffs' Prayer for Relief does not require a response.  To the extent a response is required, the United States denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The Court lacks subject matter jurisdiction over the allegations contained in the Complaint.

3.    As to the adjudicated criminal matter, estoppel and res judicata.

4.    The Court lacks subject matter jurisdiction due to the application of the Discretionary Function Exception.

5.    The Court lacks subject matter jurisdiction due to the absence of a private-party analogue to the conduct described in the Complaint.  46 U.S.C. § 30903.

6.    The Court lacks subject matter jurisdiction due to the application of the Political Question Doctrine.

7.    The Suits in Admiralty Act and the Public Vessels Act do not allow injunctive or declaratory relief and the United States has not waived its sovereign immunity for such claimed relief.

8.    Plaintiffs assert causes of action under customary international law that are not recognized by the maritime law of the United States.

9.    The Court lacks admiralty jurisdiction over any alleged land-based torts.

10.     The Court lacks subject matter jurisdiction because the Complaint fails to satisfy the requirements of the Public Vessels Act, 46 U.S.C. § 31111.

11.     The remedies of the Public Vessels Act and the Suits in Admiralty Act are exclusive of all others against agents and employees of the United States that arise out of the same subject matter.

12.     The Court lacks subject matter jurisdiction over the claims against Admiral Schultz, in his official capacity.  46 U.S.C. §§ 30903; 31102.

13.     Certain damages complained of were caused by Plaintiffs themselves.

14.     The damages complained of were caused by third parties over whom the United States had no control.

15.     Assumption of the risk.

16.     Plaintiffs are not entitled to recover punitive damages or attorneys' fees.

17.     Plaintiffs are not entitled to the relief they seek.

18.     Plaintiffs cannot jointly claim conversion for property not alleged to be owned by all of them.

DATED:  January 29, 2021                      Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Acting Assistant Attorney General

                                              MICHAEL R. SHERWIN
                                              Acting United States Attorney

                                              By:  /s/   Jill Rosa
                                              DOUGLAS M. HOTTLE
                                              JILL DAHLMANN ROSA (D.C. Bar 451578),
                                              Senior Trial Counsel
                                              THOMAS M. BROWN
                                              JARED H. HOOD
                                              Trial Attorneys
                                              U.S. Department of Justice
                                              Civil Division, Torts Branch

18

Aviation, Space & Admiralty Litigation
P.O. Box 14271
Washington, DC 20044
(202) 616-2973, Douglas.Hottle@usdoj.gov
(847) 732-1141, Jill.Rosa@usdoj.gov
(202) 616-4112, Thomas.M.Brown@usdoj.gov
(202) 616-4035, Jared.H.Hood@usdoj.gov
Fax:  (202) 616-4002
Attorneys for the United States

Of Counsel:

LT Michael P. Maloney, Esq.
U.S. Coast Guard
2703 Martin Luther King Jr. Ave, SE, Stop 7213
Washington DC 20593-7213
(202) 372-3779