UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DEXTER WEIR, et al., <br>       Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br>       Defendants. | No. 19-cv-01708 (TFH) |

### PLAINTIFFS' RESPONSE TO THE UNITED STATES' MOTION TO DISMISS PLAINTIFF PATTERSON

  Defendants have moved to dismiss with prejudice Plaintiff Luther Fian Patterson from the litigation for failure to prosecute his claims, citing his failure to respond to discovery requests. (U.S. Mot. to Dismiss Pl. Patterson, ECF No. 55, hereinafter "MTD Patterson.") However, Defendants' motion fails to demonstrate actual prejudice, and the cause of Mr. Patterson's absence remains unknown. Plaintiffs, therefore, ask the Court to dismiss Mr. Patterson *without* prejudice. When (and if) Mr. Patterson seeks to rejoin the litigation, the Court can then better assess the reason(s) for his disappearance and determine whether his re-admission would be prejudicial to Defendants.

### FACTS

  Plaintiffs' counsel lost contact with Mr. Patterson on or around September 4, 2021, as they were preparing Mr. Patterson's responses to Defendants' interrogatories. (Watt Decl. ¶¶2, 7–8, ECF No. 46-1.) At that time, Mr. Patterson stated that he wished to continue with the litigation. However, before Plaintiffs' counsel was able to review Mr. Patterson's responses with Mr. Patterson and have him sign them, he inexplicably stopped responding to Plaintiffs'

counsel's phone calls. Shortly thereafter, on October 19, 2021, the Court granted a six-month stay of discovery. (Order, ECF No. 39.) During that time, Plaintiffs' counsel repeatedly attempted to contact Mr. Patterson, including numerous times by phone. On March 21, 2022, Plaintiffs' counsel also travelled to Mr. Patterson's village in Jamaica to locate him but was unable to do so. (Watt Decl. ¶¶ 12–13, ECF No. 46-1.)

On May 4, 2022, the Court granted Plaintiffs' counsel forty-five days to contact Mr. Patterson. (Order, May 4, 2022.) (Hr'g Tr. 16:5–8, May 4, 2022.) Since that time, Plaintiffs' counsel has been unable to locate Mr. Patterson and has, therefore, been unable to provide Defendants with Mr. Patterson's interrogatory responses. Mr. Patterson also did not appear for his deposition noticed for Kingston, Jamaica, on May 10, 2022.

## ARGUMENT

"An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." LCvR 83.23. Dismissal with prejudice is a "sanction of last resort," particularly when a lesser sanction can remedy the harm. *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986); *Bonds v. D.C.*, 93 F.3d 801, 808 (D.C. Cir. 1996); *Hildebrandt v. Vilsack*, 287 F.R.D. 88, 94–95 (D.D.C. 2012).

Defendants do not support their motion with any "specific facts demonstrating actual prejudice" that necessitate dismissal with prejudice. *Bradshaw v. Vilsack,* 286 F.R.D. 133, 140–41 (D.D.C. 2012) (citing *Shea*, 795 F.2d at 1074). Rather, Defendants allege hypothetical prejudice resulting from their inability to conduct discovery into Mr. Patterson's claims and "the difficulties of conducting discovery in a foreign country." (MTD Patterson 4.) But such hypotheticals "do not speak to actual prejudice." *Bradshaw*, 286 F.R.D. at 141 (Defendants'

claimed inability "to proceed with discovery. . . [does] not demonstrate that the plaintiff's behavior has prejudiced the defendants' ability to present their case."). Furthermore, Defendants recently took remote depositions of Plaintiffs Williams, Ferguson, and Weir, with little difficulty. If Mr. Patterson reappears, a remote deposition would be similarly feasible. Lacking a demonstration of "severe prejudice" by the Defendant, an order dismissing Mr. Patterson without prejudice is a sufficient sanction for failure to prosecute. *Shea,* 795 F.2d at 1075.

Dismissal of Mr. Patterson with prejudice for failure to prosecute his claims is also an inappropriate sanction at this stage of the litigation. *See e.g.*, *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 27 (D.D.C. 2015) (declining to dismiss plaintiffs with prejudice for failure to appear for depositions); *Dinkel v. Medstar Health Inc.*, 304 F.R.D. 339, 344 (D.D.C. 2014) (declining to dismiss plaintiffs with prejudice for failure to respond to interrogatories). *See also Bradshaw*, 286 F.R.D. at 140 n.5 (finding that "[t]he same factors are relevant to determining whether dismissal is appropriate for failure to prosecute and failure to obey a discovery order."). It is premature at this time for the Court to decide whether "a late re-emergence of Mr. Patterson in this action would be prejudicial to the defendant." (MTD Patterson 4.) The time to decide whether Defendants would be prejudiced is when, and if, Mr. Patterson reappears. Only then will the Court know the reason(s) for his disappearance. Should Mr. Patterson later seek to rejoin the litigation, the Court can then decide whether there is good cause to admit him, considering both the reason(s) for his disappearance and the prejudice to Defendants.

Therefore, Plaintiffs respectfully oppose Defendants' motion to dismiss Mr. Patterson with prejudice.

Dated: July 5, 2022

Respectfully submitted,

 /s/ *Steven M. Watt*
Steven M. Watt*

| | |
|---|---|
| Joshua S. Sohn* | Scarlet Kim* |
| Sarah M. Roe* | Sana Mayat* |
| Patrick N. Petrocelli* | American Civil Liberties Union Foundation |
| Stroock & Stroock & Lavan LLP | 125 Broad Street, 18th Floor |
| 180 Maiden Lane New York, NY 10038 | New York, NY, 10004 |
| (212) 806-1245 | (212) 549-2500 |
| jsohn@stroock.com | swatt@aclu.org |
| ppetrocelli@stroock.com | scarletk@aclu.org |
| sroe@stroock.com | smayat@aclu.org |

Cecillia D. Wang (D.C. Bar No. CA00042)
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA, 94111
(415) 343-0775
cwang@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
of the District of Columbia
915 15th Street, NW, 2nd floor
Washington, DC, 20005
(202) 601-4266
aspitzer@acludc.org

*Admitted pro hac vice*

*Attorneys for Plaintiffs*

4