UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN ADMIRALTY

| | |
|---|---|
| ROBERT DEXTER WEIR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 19-cv-01708 (ACR) |

**PLAINTIFFS' RESPONSE TO GOVERNMENT'S PRE-MOTION STATEMENT**

Plaintiffs respectfully submit this response to the government's pre-motion statement.

I. **Plaintiffs will not oppose the government's motion insofar as it seeks judgment on their false imprisonment and conversion claims and dismissal of Admiral Shultz as a defendant.**

First, while Plaintiffs disagree with the Court's prior conclusion that the political question doctrine bars litigation over claims raising "the issue of whether the defendants should have brought the plaintiffs to the United States before Jamaica waived jurisdiction," *Weir v. United States*, 518 F. Supp. 3d 1, 15 (D.D.C. 2021), they recognize that they cannot at this time continue to press those claims before this Court. Thus, while preserving their rights on appeal and on remand, Plaintiffs will not oppose entry of summary judgment on their false imprisonment claim.

Second, Plaintiffs will not oppose entry of summary judgment on their conversion claim. Accordingly, the Public Vessels Act is no longer relevant on summary judgment.

Third, given that the Court already dismissed count 11, the sole claim against Admiral Schultz, Plaintiffs will not oppose the government's motion to dismiss him as a defendant.

II. **Plaintiffs will oppose the government's motion to dismiss for lack of subject matter jurisdiction based on the discretionary function exception.**

   A. **The discretionary function exception does not apply because the Coast Guard lacks discretion to violate the Detainee Treatment Act, which expressly incorporates Fifth and Eighth Amendment standards.**

The government plans to move to dismiss all remaining claims, arguing that the discretionary function exception to the Suits in Admiralty Act's ("SIAA") waiver of sovereign immunity bars them. ECF No. 85 at 1. That argument fails because Congress has expressly taken away the Coast Guard's discretion to do what they did to Plaintiffs.

While "Congress enacted the [Federal Tort Claims Act ('FTCA')] to remedy and deter tortious conduct by federal personnel," *Loumiet v. United States*, 828 F.3d 935, 941 (D.C. Cir. 2016), it withheld subject matter jurisdiction over claims "based upon the exercise or

1

performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. §2608(a). The SIAA imports the exception from the FTCA. *Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1085 (D.C. Cir. 1980).

The government properly recites the "threshold inquiry in the discretionary function analysis": "determin[ing] exactly what conduct is at issue." ECF No. 85 at 2; *see Usoyan v. Republic of Turkey*, 6 F.4th 31, 47 (D.C. Cir. 2021); *Loumiet*, 828 F.3d at 941. But Plaintiffs' tort claims are not, as the government portrays them, challenges to "certain specific Coast Guard policies for conducting law enforcement detentions aboard cutters," nor to Coast Guard law enforcement operations generally. ECF No. 85 at 2. Instead, they are claims based specifically on the government's treatment of Plaintiffs while in custody aboard four Coast Guard cutters between September 14 and October 16, 2017. *See Weir*, 518 F. Supp. 3d at 11 (Plaintiffs' "Complaint . . . overwhelmingly focuses on [their] detention conditions."). For thirty-two days, the government restrained Plaintiffs to the decks of Coast Guard cutters in leg irons without adequate shelter, bedding, sanitation, food, water, and medical and psychological care. *That* is the "conduct at issue" for the purposes of the discretionary function exception.

To successfully invoke the discretionary function exception to strip jurisdiction over a plaintiff's claims, the government must prevail on two questions: First, does "the challenged conduct 'involve[] an element of judgment or choice'"? *Loumiet*, 828 F.3d at 941 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). And second, if it does, is the "judgment . . . of the kind that the discretionary function exception was designed to shield"? *Id.* at 942 (quoting *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)). Here, the government cannot succeed on either question.

The discretionary function exception does not apply if "an agency failed to 'perform its

2

clear duty' or to 'act in accord with a specific mandatory directive.'" *Loumiet*, 828 F.3d at 941–42 (quoting *Berkowitz*, 486 U.S. at 545). While the government's submission spends much of its space "focus[ed] on [the] statutes" that authorize the Coast Guard's "Enforcement of Laws and Treaties" Program, ECF No. 85 at 2–3, they ignore a mandatory directive that disposes of their discretionary function argument: the Detainee Treatment Act ("DTA"), 42 U.S.C. § 2000dd. The statute is unambiguous: "No individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment." *Id.* § 2000dd(a). The DTA defines this prohibited conduct as "the cruel, unusual, and inhumane treatment or punishment prohibited by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States." *Id.* § 2000dd(d).

The DTA is an explicit, targeted effort to definitively eliminate the kind of discretion the government claims here. *See, e.g.*, 151 Cong. Rec. 14256-01, 14269, 2005 WL 3500918 (Dec. 21, 2005) (statement of Sen. Carl Levin). The D.C. Circuit has likewise made clear (and other circuits have agreed) that "tortious conduct that . . . flouts a constitutional prescription" cannot be discretionary. *Loumiet*, 828 F.3d at 943 (citing cases from the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Circuits, against one contrary decision from the Seventh); *see Xi v. Haugen*, 68 F.4th 824, 838 & n.10 (3d Cir. 2023) (adding *Loumiet* to a similar list). The government simply "lacks discretion to make unconstitutional policy choices." *Loumiet*, 828 F.3d at 944; *see Owen v. City of Independence*, 445 U.S. 622, 649 (1980) (The government "has no 'discretion' to violate the Federal Constitution; its dictates are absolute and imperative."). Whatever leeway Coast Guard policies and authorizing statutes permit, they cannot leave for discretion what the

DTA clearly forbids.[1]

Remarkably, the government's argument appears to have few limits, justifying essentially *any* manner of treatment, no matter how inhumane, with reference to the Coast Guard's discretion to "[d]esign and execut[e]" a program of drug interdiction, "balance multiple statutory missions within the appropriations of Congress," designing "detention strategies," and "other operational needs based on the circumstances." ECF No. 85 at 3. But that argument would impermissibly allow the exception to "swallow the general waiver of sovereign immunity . . . ." *Gray v. Bell*, 712 F.2d 490, 508 & n. 54 (D.C. Cir. 1983).

The government restrained Plaintiffs to the decks of Coast Guard cutters in leg irons in inhumane conditions. That conduct gives rise to Plaintiffs' tort claims, and because it violates the DTA's Fifth and Eighth Amendment standards, the discretionary function exception does not withdraw the government's waiver of sovereign immunity, and the Court has subject matter jurisdiction.[2]

---

[1] Neither the DTA nor the constitutional standards it adopts form the *basis* of Plaintiffs' maritime tort claims—"rather," they "negate the discretionary function defense." *Loumiet*, 828 F.3d at 946 (cleaned up); *see also Xi*, 68 F.4th at 829 (dismissing constitutional claims but allowing FTCA tort claims after rejecting discretionary function exception). With respect to those standards, the Fifth Amendment, which applies to pre-trial detainees, is at least as protective as the Eighth, which applies to convicted prisoners. *See, e.g., City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 152–153 (D.D.C. 2007).

[2] In order to defeat the government's motion to dismiss for lack of subject matter jurisdiction, Plaintiffs need only establish a dispute over facts material to the discretionary function exception. While the Court generally "must address the merits of the jurisdictional claim by resolving the factual disputes between the parties," *Flores ex rel. J.F. v. District of Columbia*, 437 F. Supp. 2d 22, 29 (D.D.C. 2006), that is not the case where, as here, disputed jurisdictional facts "are inextricably intertwined with the merits of the case." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992). This rule "ensures that, where jurisdictional defenses and the merits of a dispute overlap, the jurisdictional defense is not used—in the absence of special considerations—to short-circuit the factual development and adjudicative process to which a plaintiff is generally entitled." *Am. Oversight v. U.S. Dep't of Veteran Affs.*, 498 F. Supp. 3d 145, 153 (D.D.C. 2020) (citing *Herbert*, 974 F.2d at 198).

**B. Separately, the discretionary function exception does not apply to Plaintiffs' assault, battery, and intentional infliction of emotional distress claims.**

Even if the DTA did not make it clear that Coast Guard had no discretion to violate Fifth and Eighth Amendment standards, the discretionary function exception does not apply to Plaintiffs' intentional tort claims. Congress has provided courts with subject matter jurisdiction over claims for assault and battery committed by "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 26 U.S.C. § 2680(h). As the Eleventh Circuit has explained, "sovereign immunity does not bar a claim that falls within the proviso to [28 U.S.C. § 2680(h)], regardless of whether the acts giving rise to it involve a discretionary function." *Nguyen v. United States*, 556 F.3d 1244, 1256–57 (11th Cir. 2009). Applying the discretionary function test to Plaintiffs' assault, battery, and intentional infliction of emotional distress allegations would lead to the same result: "courts have determined that Congress intended to allow [FTCA] claims for battery and assault against United States law enforcement officials even when the allegations relate to those law enforcement officials performing security functions" because that kind of conduct is "not grounded in social, economic, or political policy and were not of a nature and quality that Congress intended to shield from liability." *Kurd v. Republic of Turkey*, 438 F. Supp. 3d 69, 87 (D.D.C. 2020), *see aff'd sub nom. Usoyan v. Republic of Turkey*, 6 F.4th 31 (D.C. Cir. 2021).

**III. Plaintiffs will oppose the government's motion to dismiss their claim for cruel, inhuman, or degrading treatment in violation of customary international law.**

The government is wrong to suggest that Plaintiffs cannot succeed on their claim for cruel, inhuman, and degrading treatment. ECF No. 85 at 5–6. Plaintiffs bring their claim under the Admiralty Clause, U.S. Const., Art. III, § 2, cl. 1, and 28 U.S.C. § 1333, which together grant federal courts sitting in admiralty the powers of a common law court. *See Air & Liquid Sys.*

*Corp. v. DeVries*, 139 S. Ct. 986, 992–93 (2019). Federal courts sitting in admiralty have jurisdiction to recognize a cause of action and remedy violations of customary international law. *See Paquete Habana*, 175 U.S. 677, 700 (1900); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 724, 732 (2004) (common law creates right of action for "specific, universal and obligatory" violations of customary international law). Federal courts have consistently held that the customary international law norm prohibiting cruel, inhuman and degrading treatment meets the *Sosa* standard. *See, e.g.*, *Al Shimari v. CACI Premier Tech.*, 263 F. Supp. 3d 595, 602–04 (E.D. Va. 2017); *Doe v. Exxon*, No. CV 01-1357, 2015 WL 5042118, at *3 (D.D.C. July 6, 2015).

## IV. Briefing Schedule, Form of Motion Papers, and Procedural Issues

First, the parties conferred and agreed to jointly seek the following consent briefing schedule: motion due July 21; opposition due August 18; reply due September 8.

Second, Plaintiffs believe that 45 pages in an opening brief, plus a reply, is more than sufficient for the government to present its discretionary function exception and other arguments, especially since Plaintiffs will not oppose parts of the government's motions. *See supra* I.

Third, the government's request to file material under seal simply because it is subject to a protective order is inconsistent with this Court's standing order. Standing Order § 5(l).

DATE: June 19, 2023

Respectfully submitted,

/s/ *Brett Max Kaufman*
Brett Max Kaufman (D.C. Bar No. NY0224)
Steven M. Watt*
Shaiba Rather*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY, 10004
(212) 519-7870
bkaufman@aclu.org

        Cecillia D. Wang (D.C. Bar No. CA00042)
        American Civil Liberties Union Foundation
        39 Drumm Street
        San Francisco, CA 94111
        (415) 343-0775
        cwang@aclu.org

        Arthur B. Spitzer (D.C. Bar No. 235960)
        American Civil Liberties Union Foundation
        of the District of Columbia
        915 15th Street, NW – 2nd floor
        Washington, DC 20005
        (202) 601-4266
        aspitzer@acludc.org

        Jonathan Hafetz (D.C. Bar No. NY0251)
        Seton Hall Law School
        1109 Raymond Boulevard
        Newark, NJ 07102
        jonathan.hafetz@shu.edu

        Joshua S. Sohn*
        Patrick N. Petrocelli*
        Stroock & Stroock & Lavan LLP
        180 Maiden Lane
        New York, NY 10038
        (212) 806-6006
        jsohn@stroock.com

        *Admitted Pro hac vice*