UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DEXTER WEIR et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 19-1708 (ACR) <br><br> IN ADMIRALTY |

**UNITED STATES' MOTION FOR HEARING REGARDING
PLAINTIFF WEIR'S ABSENCE FROM THE LITIGATION**

Plaintiff Robert Dexter Weir reportedly did not return from a sea voyage in August 2022. Trial is set for November 27, 2023. The United States respectfully moves the Court for a hearing to discuss Mr. Weir's longstanding absence from this litigation. The United States asks the Court to enter the proposed order, so that this matter may be raised at the hearing set for July 13, 2023. *See* Standing Order ¶ 7(e).

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court set the bench trial in this matter for November 27, 2023. If Plaintiff Weir is to be substituted, that process may take months to complete. Fed. R. Civ. P. 17(a), 25(a). The United States asks for a hearing so that the Court can be properly informed of his status.

I.   **WEIR'S PARTY STATUS REMAINS UNRESOLVED.**

Plaintiff Weir apparently did not return from a maritime venture in August 2022. Ex. A. His counsel have known about this "since the weekend he went missing." *Id.* They did not then inform the Court or Defendants. Counsel for the United States learned by happening upon an online news article. *Id.* In October 2022, and again in April 2023, the United States noted Weir's

1

absence.  ECF 68 (Status Report); ECF 75 (Opp'n to Mot.) at 26-27.  Thereafter, Weir's counsel first acknowledged to the Court that Weir was missing.  ECF 77, 84-1 (Unsealed Reply Br.) at 2.  By then, over eight months into his absence, no arrangements had been made for appointment of a representative.  According to Plaintiffs:  "Should decisions on [Weir's] part be required, his family will make arrangements for a conservator to be appointed under Jamaican law (or a personal representative, if a death certificate is issued)."  ECF 84-1 at 21.

After the Court recently set a firm trial date, the United States asked Plaintiffs again about Weir's status.  Exs. B, D.  While he remains missing, his counsel now state that a "process" has begun in Jamaica to seek a representative.  Ex. E.  They decline to share basic details about this effort, namely who seeks to be a representative and based on what evidence.  *See* Exs. B-E.

## II.     A HEARING WOULD PROTECT AGAINST TRIAL DISRUPTION.

Weir's irregular status raises doubts about holding a trial to adjudicate his claims.  He may still be living.  His counsel express hope that he will return, and note Jamaican authorities have not issued a death certificate.  ECF 84-1 at 19.  The Jamaica Constabulary Force does not list Weir among its "missing persons."  *See* https://jcf.gov.jm/missing-person-3/.  If he is living, he has the right to make trial decisions, including whether to testify.  The Court can also consider his failure to prosecute this matter.  LCvR 83.23.  *See* ECF 64 (Order) (dismissing Plaintiff Patterson after "approximately one year" of absence).

If Weir is not alive, then trial cannot proceed in his name.  Fed. R. Civ. P. 17(a).  *See also Ex parte Schreiber*, 110 U.S. 76, 80 (1884).  A potentially lengthy process for substitution would need to begin.  Fed. R. Civ. P. 25(a); *McSurely v. McClellan*, 753 F.2d 88, 97-99 (D.C. Cir. 1985); *Mok v. 21 Mott St. Rest. Corp.*, No. 14-cv-8081, 2017 WL 3981308, at *4 (S.D.N.Y. Sept. 8, 2017).  As the court in *Mok* explained:

> Had Sherr disclosed his client's death in January 2017, as he was obligated to do, the case would have proceeded quite differently. **The Court would have stayed the action for 90 days and ordered the substitution of a proper party.** It does not necessarily follow that a proper representative would have been appointed in a timely manner or that a proper representative, if timely appointed, would have proceeded with the action or that a proper representative would have allowed Sherr to proceed as attorney for the estate . . . .

2017 WL 3981308, at *4 (emphasis added). That is, much remains to be sorted out.

Given the trial schedule, the Court should be informed about efforts to find Plaintiff Weir, who is seeking to be his representative in the Jamaican proceeding, and what evidence has been presented in that proceeding. *Cf. McSurely*, 753 F.2d at 98 (requiring Rule 25 notice to identifiable successor). Only Weir's counsel have this information, which has not been forthcoming. Exs. C, E. A hearing now, while still more than 90 days from trial, would allow the Court to determine Weir's status and order appropriate measures. Fed. R. Civ. P. 25(a); *Mok*, 2017 WL 3981308. This can be taken up at the hearing set for July 13, 2023 within the time the Court has already allotted.

<u>Local Civil Rule 7(m) Statement</u>

As required by Local Civil Rule 7(m) and the Court's Standing Order 7(h), the undersigned counsel for the United States conferred with counsel for Plaintiff Weir, and following a series of letters, Plaintiff Weir did not agree to this motion being filed unopposed. Specifically, when asked whether the United States could bring this motion unopposed, counsel for the Plaintiffs replied: "we disagree that there is any justification to waste the Court's time by discussing these matters on July 13." Ex. E (July 6, 2023).

| | |
|---|---|
| DATED: July 10, 2023 | Respectfully submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | MATTHEW GRAVES<br>United States Attorney |

3

                JILL DAHLMANN ROSA (D.C. Bar 451578)
                Senior Trial Counsel

By:   /s/   *Thomas M. Brown*
       THOMAS M. BROWN
       J. STEVEN JARREAU
       Trial Attorneys
       JARED H. HOOD
       Special Attorney
       U.S. Department of Justice
       Civil Division, Torts Branch
       Aviation, Space & Admiralty Litigation
       P.O. Box 14271
       Washington, DC 20044
       (202) 307-2013, Jill.Rosa@usdoj.gov
       (202) 616-4284, Steven.Jarreau@usdoj.gov
       (202) 616-4036, Thomas.M.Brown@usdoj.gov
       (202) 372-3736, Jared.H.Hood@uscg.mil

*Attorneys for the United States*